IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JULIA PORTER, HAMILTON FOX, III,<br>MATTHEW KAISER,<br><br>　　　　　　　　Defendants. | Civil Action No. 22-_____<br><br>*Removed from:*<br><br>THE CIRCUIT COURT OF THE<br>FIFTEENTH JUDICIAL CIRCUIT, IN<br>AND FOR PALM BEACH COUNTY,<br>FLORIDA<br><br>CASE NO. 50-2022- CA000122XXXXMB |

## NOTICE OF REMOVAL OF STATE ACTION

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser ("Defendants") hereby remove this civil action, pending as 50-2022-CA000122XXXXMB-DIV: AI in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida.

### BACKGROUND

1. This is the seventh lawsuit[1] Plaintiff Larry Klayman (the "Plaintiff") has filed against the substantially same set of defendants on nearly identical claims, seeking to collaterally

---

[1] This does not account for a nearly identical complaint Plaintiff filed on December 6, 2021, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. After Defendants removed that action to federal court on diversity and federal question grounds, Plaintiff filed a Motion for a Rule 41 Dismissal Without Prejudice and then refiled the instant Complaint that same day. *See* Pl. Notice of Voluntary Dismissal, *Klayman v. Porter et al.*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8.

1

attack ongoing disciplinary proceedings by the Office of Disciplinary Counsel of the District of Columbia Bar involving Plaintiff's practice of law in the District of Columbia. Compl. ¶¶ 43–53.

2. On December 6, 2021, Plaintiff filed an action in this Court against officials of the District of Columbia Office of Bar Disciplinary Counsel ("ODC") (Ms. Porter and Mr. Fox) and the District of Columbia Board on Professional Responsibility (Mr. Kaiser). *See Klayman v. Porter* et al., Case No. 50-2021- CA013239XXXXMB (Fla. 15th Jud. Cir., Dec. 6, 2021) (attached hereto as Ex. 1).

3. On January 3, 2022, Defendants removed the case to the Southern District of Florida, based on federal question jurisdiction over Plaintiff's claim that Defendants allegedly violated 42 U.S.C. § 1492 and diversity jurisdiction. Defendants also moved to transfer this action to the United States District Court for the District of Columbia where related actions are pending. *See* Notice of Removal of State Action, *Klayman v. Porter et al.*, No. 9:22-cv-80003 (S.D. Fla. Jan. 3, 2022), ECF No. 1; Defs.' Mot. to Transfer and Notice of Pending, Refiled, Related, or Similar Actions, *Klayman v. Porter et al.*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 3, 2022), ECF No. 8.

4. Evidently hoping to escape federal court and smoothly settle back into his preferred state court forum, Plaintiff filed a Motion for a Rule 41 Dismissal Without Prejudice on January 6, 2021. *See* Pl.'s Notice of Voluntary Dismissal, *Klayman v. Porter et al.*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022), ECF No. 8.

5. That same day, in another tactic to deny the Defendants a federal forum, Plaintiff filed the instant State Court Action against the same officials (Ms. Porter, Mr. Fox, and Mr. Kaiser).

6. The State Court Action is substantively identical to the December 6, 2021 complaint.

7. The only alteration in the instant Complaint is Plaintiff removed his cause of action under 42 U.S.C. § 1983 and replaced it with a cause of action for a violation of the Florida Constitution Section IX.

8. On January 28, 2022, Defendants were each purportedly served with a copy of the Complaint. *See* Exhibits 2-4.

9. Plaintiff's actions demonstrate a pattern of attempting to frustrate the Court's jurisdiction and, as explained below, this Court has the authority to put a stop to it.

10. In accordance with 28 U.S.C. § 1446(b), Defendants timely file this Notice of Removal within 30 days of the date on which they were served with the Complaint. The Defendants unanimously join in and consent to this Notice of Removal.

**GROUNDS FOR REMOVAL**

11. This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and therefore, this action is removable to this Court under diversity jurisdiction.

12. Plaintiff is a citizen of Florida and is completely diverse from Defendants. Defendant Porter is a citizen of the Commonwealth of Virginia, Defendant Fox is a citizen of the District of Columbia, and Defendant Kaiser is a citizen of the State of Maryland. Compl. ¶¶ 3–6.

13. The amount in controversy exceeds the sum of $75,000.00. Plaintiff, in a transparent attempt to defeat diversity jurisdiction and thwart Defendants' right to remove this action to federal court, requests damages "in excess of $30,000 but less than $75,000 in toto [*sic*] as to all Defendants." *Id.* ¶ V(a) (prayer for relief).

14. Although Plaintiff pleads that the maximum amount of damages and attorney's fees sought are below the jurisdictional limits of 28 U.S.C. § 1332, the actual amount in controversy exceeds $75,000.

15. In determining the actual amount in controversy, the court may disregard a plaintiff's allegation of damages below the federal jurisdictional amount if it is not made in good faith. *See Anderson v. Mosaic Fertilizer LLC*, No. 8:19-CV-1225-T-35AEP, 2019 WL 12384792, at *3 (M.D. Fla. July 31, 2019) (rejecting plaintiff's claims that the amount in controversy was not met and noting prior demands may reflect an "honest assessment of plaintiff's damages"); *cf. Wilson v. Fresh Mkt., Inc.*, No. 9:19-CV-81037, 2020 WL 355192, at *3 (S.D. Fla. Jan. 3, 2020) (quoting 28 U.S.C. 1446(c)(3)(B) (Bad faith occurs when "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal[.]")).

16. Plaintiff's complaint pleads matters in controversy in excess of $75,000 regardless of his stated claim for damages. Plaintiff has blatantly engaged in "abusive manipulation" of the procedural rules by pleading damages below the jurisdictional amount in state court in effort to evade federal removal jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 180. "Such manipulation is surely characterized as bad faith." *Id.; see also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (tactical manipulation of procedural rule by the plaintiff to defeat jurisdiction cannot be condoned).

17. Plaintiff's prior actions against Defendants demonstrate that he in fact seeks damages in the State Court Action "in excess of $75,000." Compl., *Klayman v. Kaiser*, No. 20-cv-09490 VII(a) (prayer for relief) (N.D. Cal. Dec. 31, 2020) (Ex. 5); Compl., *Klayman v. Porter*,

No. 20-cv-2526 VII(a) (prayer for relief) (N.D. Tex. Aug. 26, 2020) (Ex. 6); Compl., *Klayman v. Porter*, et al., C.A. No. 1:20-cv-1014 VII(a) (prayer for relief) (W.D. Tex. Dec. 2, 2020) (Ex. 7).[2]

18. Each of those prior actions involves substantially the same parties, facts and law as this case. Those actions and this action are all premised upon the same District of Columbia Bar disciplinary proceedings concerning Plaintiff, and Plaintiff claims tortious interference and abuse of process in each. *Id.* In the prior cases, Plaintiff uniformly seeks damages "in excess of $75,000" on claims of (1) tortious interference and (2) abuse of process. *Id.* In the instant complaint, Plaintiff asserts the following claims for relief: (1) tortious interference, (2) abuse of process, (3) violation of the Florida Constitution Section IV, and (4) violation of the Florida Constitution Section IX. Compl. ¶¶ 54–75.

19. Plaintiff has made clear that he has a tactical interest in having this case heard in a Florida state court rather than a federal court, even though there is complete diversity and the claims involve the action taken in the District of Columbia by officials of the Office of the Disciplinary Counsel of the District of Columbia Bar.[3] The federal courts do not condone Plaintiff's procedural gamesmanship in trying to evade federal jurisdiction by manipulating the amount of claimed damages. Because Defendants have shown that the amount in controversy actually exceeds the jurisdictional amount, removal is procedurally proper.

---

[2] Both cases were subsequently transferred to the U.S. District Court for the District of Columbia. Transfer Order, *Klayman v. Porter*, No. 20-cv-2526 (N.D. Tex. Dec. 7, 2020); Transfer Order, *Klayman v. Kaiser*, No. 20-cv-09490 (N.D. Cal. Feb. 22, 2021).

[3] Plaintiff has admitted that he prefers state court and insinuated that federal courts' decisions are biased and made "behind closed doors." Trans. 25:10-12, Jan. 26, 2022 Hearing, *Klayman v. Politico LLC*, Case No. 50-2020-CA-011868-MB at 25 (Fla. 15th Jud. Cir., Jan. 26, 2022), attached hereto as Ex. 8.

20. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Florida because it is in the district and division embracing the place where the State Court Action is "pending."

21. As required by 28 U.S.C. § 1446(a) and S.D. Fla. Local Rule 7.2, copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Exhibit 9.

22. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Fifteenth Judicial Circuit, and will give written notice thereof to all adverse parties, to effect the removal of this civil action. *See* 28 U.S.C. § 1446(d).

23. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their rights to assert any defense that they could have asserted in the State Court Action.

## CONCLUSION

WHEREFORE, Defendants respectfully request that all proceedings in the State Court Action be discontinued, and that this action proceed in the United States District Court for the Southern District of Florida as an action properly removed to it.

Dated: February 17, 2022                 Respectfully submitted,

/s/ *Brian Rafkin*
Brian Rafkin (Florida Bar No. 59422)
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street, NW
Washington, DC 20006
brafkin@akingump.com

*Attorney for Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2022, a true and correct copy of the foregoing was served via email and U.S. Mail, postage prepaid to *pro se* Plaintiff Larry Klayman:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433
leklayman@gmail.com

/s/ *Brian Rafkin*
Brian Rafkin