## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY ELLIOT KLAYMAN, )<br><br>Plaintiff, )<br><br>v. )<br><br>JULIA PORTER, <u>et al.</u>, )<br><br>Defendants. ) | Civil Action No. 22-953 (RBW) |

## <u>MEMORANDUM OPINION</u>

The plaintiff, Larry Klayman, an attorney proceeding <u>pro se</u>, brings this civil action against the defendants, Julia Porter; Hamilton Fox, III; and Matthew Kaiser, alleging claims of tortious interference "with his business relationships and prospective business relationships and/or contacts[,]" Complaint ("Compl.") ¶ 56, ECF No. 1-2; <u>see id.</u> ¶¶ 54–59; abuse of process through use of "the D.C. bar disciplinary apparatus[,]" <u>id.</u> ¶ 60; <u>see id.</u> ¶¶ 60–66; violation of Section IV of the Florida State Constitution, <u>see id.</u> ¶¶ 67–70; and violation of Section IX of the Florida State Constitution, <u>see id.</u> ¶¶ 71–74.  Currently pending before the Court are (1) the plaintiff's Motion for Transfer and Remand or Alternatively <u>Sua Sponte</u> Dismissal for Lack of Jurisdiction ("Pl.'s Mot." or the "plaintiff's motion"), ECF No. 18, and (2) the Defendants' Joint Motion to Consolidate and Motion to Dismiss Related Case ("Defs.' Mot." or the "defendants' motion"), ECF No. 25.  Upon careful consideration of the parties' submissions, the Court concludes for the following reasons that it must deny the plaintiff's motion, and grant in part and deny in part the defendants' motion.

## I.      BACKGROUND

The Court previously set forth the factual background regarding the plaintiff's prior litigation initiated by the plaintiff, which is substantively similar to this case, in its August 29, 2022 Memorandum Opinion in the consolidated cases of <u>Klayman v. Porter</u>, Civil Action No. 20-3109; <u>Klayman v. Porter</u>, Civil Action No. 20-3579; and <u>Klayman v. Kaiser</u>, Civil Action No. 21-965, <u>see</u> <u>Klayman v. Porter</u>, Nos. 20-cv-3109, 20-cv-3579, 21-cv-965, 2022 WL 3715775, at *1–3 (D.D.C. Aug. 29, 2022), and therefore will not reiterate it again here.  The Court will, however, set forth the factual allegations and procedural background specific to this case, which are pertinent to the resolution of the pending motions.

### A.      Factual Background

The plaintiff is a "licensed attorney in Florida[,] practic[ing] primarily in [the State of Florida's Eleventh Judicial] [C]ircuit[,]" Compl. ¶ 1, and was previously a member of the District of Columbia Bar, <u>see</u> <u>id.</u> ¶ 8.  The defendants are all employees or officials of the District of Columbia Bar: Porter is "employed as Deputy Bar Disciplinary Counsel at [the] Office of Bar Disciplinary Counsel ('ODC') in the District of Columbia[,]" <u>id.</u> ¶ 4; Fox is "employed as Bar Disciplinary Counsel at ODC in the District of Columbia[,]" <u>id.</u> ¶ 5; and Kaiser "is the chairperson of the District of Columbia Board on Professional Responsibility (the 'Board')[,]" <u>id.</u> ¶ 6. The ODC, which operates under the authority of the District of Columbia Court of Appeals (the "D.C. Court of Appeals"), <u>see</u> <u>Ford v. Tait</u>, 163 F. Supp. 2d 57, 65 (D.D.C. 2001) ("[T]he D.C. Court of Appeals has authority over the D.C. Bar."), has, <u>inter alia</u>, the power to (1) "investigate all matters involving alleged misconduct by an attorney subject to the disciplinary jurisdiction of th[e D.C. Court of Appeals,]" D.C. Bar Rule XI, § 6(a)(2); (2) "dispose of all matters involving alleged misconduct by an attorney[,]" <u>id.</u> § 6(a)(3); (3)

"prosecute all disciplinary proceedings before Hearing Committees, the Board [on Professional Responsibility], and the [D.C.] Court [of Appeals]," id. § 6(a)(4); and (4) "maintain permanent records of all matters processed and the disposition thereof," id. § 6(a)(6).  The Board has the power to "consider and investigate any alleged ground for discipline or alleged incapacity of any attorney . . . and to take such action with respect thereto as shall be appropriate[,]" id. § 4(e)(1), and to appoint various members of the ODC staff, see id. § 4(e)(2)–(4).

On June 11, 2020, the D.C. Court of Appeals accepted the Board's recommendation that the court "suspend [the plaintiff] from the practice of law for ninety days based on his representation of three clients in violation of Rule 1.9 (conflict-of-interest) of the District of Columbia Rules of Professional Conduct[,]" In re Klayman, 228 A.3d 713, 715 (D.C. 2020), and issued a "temporary suspension," Compl. ¶ 34, which rendered the plaintiff "unable to practice law in the District of Columbia[,]" id.; see In re Klayman, 228 A.3d at 719–20.  The ODC has investigated and brought disciplinary proceedings against the plaintiff, based upon various Bar complaints.  See, e.g., Compl. ¶¶ 30, 35, 37, 41, 43, 45.

The plaintiff also alleges that the defendants "have, in the past, . . . sen[t] out secret ex parte communications to [t]he Florida Bar," regarding his disciplinary proceedings in the District of Columbia.  Id. ¶ 23.  The plaintiff alleges that "by continuing to pile on one frivolous and meritless investigation and complaint after another in order to force [him] to expend nearly all of his time and resources to defend them, as well as assert his legal rights in court cases[,]" id. ¶ 56, the defendants have: (1) tortiously interfered with his ongoing and prospective business relationships in Florida, see id. ¶¶ 54–59; (2) engaged in an abuse of process "caus[ing] severe and irreparable damage to [him], as well as to his clients' interests in [the Eleventh Judicial] [C]ircuit[,]" id. ¶ 64; see id. ¶¶ 60–66; (3) "curtailed and ultimately silence[d] [his]

conservative/libertarian private and public interest advocacy and speech[,]" id. ¶ 69, in violation

of Section IV of the Florida State Constitution, see id. ¶¶ 67–70; and (4) "deprived [him] of his

due process rights guaranteed under Section IX of the Florida [State] Constitution[,]" id. ¶ 73;

see id. ¶¶ 71–74. The plaintiff seeks "general (non-economic), special (economic), actual[,] and

compensatory damages in excess of $30,000.00 but less than $75,000.00[,]" as well as

"injunctive relief."  Id. at 23.

**B.**     **Procedural Background**

On January 6, 2022, the plaintiff filed his Complaint in this case in the Fifteenth Judicial

Circuit of Florida.  See Compl. at 1.  On February 17, 2022, the defendants removed the action to

the United States District Court for the Southern District of Florida (the "Southern District of

Florida").  See Notice of Removal of State Action at 1, ECF No. 1.  On February 18, 2022, the

defendants filed a motion to transfer venue to this Court pursuant to 28 U.S.C. § 1404, stating

that "[t]he parties in the instant case are involved in litigation in the District of Columbia over

the same subject matter," Defendants' Motion to Transfer and Notice of Pending, Refiled,

Related, or Similar Actions at 1, ECF No. 3, referencing, among other cases, the three

consolidated cases then before the Court, Klayman v. Porter, Civil Action No. 20-3109

(originally filed in the United States District Court for the Western District of Texas); Klayman

v. Porter, Civil Action No. 20-3579 (originally filed in the United States District Court for the

Northern District of Texas); and Klayman v. Kaiser, Civil Action No. 21-965 (originally filed in

United States District Court for the Northern District of California), see id. at 3–6.  The plaintiff

then filed a motion with the Southern District of Florida, requesting that the Southern District

"remand this matter to [Florida's] Fifteenth Judicial Circuit . . . and sanction the [d]efendants for

their patently frivolous, meritless, [ ] bad faith removal, and . . . gross bad faith conduct[.]"

Motion for Remand and for Sanctions ("Pl.'s 1st Remand Mot.") at 2, ECF No. 8.  In support of

his motion for the case to be remanded to the state court, the plaintiff argued that the Southern

District of Florida lacked diversity jurisdiction because the plaintiff "is not seeking damages in

excess of $74,999.99" and therefore, the required amount in controversy was not satisfied.  Id. at

1.

The Southern District of Florida subsequently granted the defendants' motion to transfer,

see Order at 1 (Mar. 25, 2022), ECF No. 15 (transferring the case to this Court), and denied the

plaintiff's motion to remand the case to the Florida state court and for sanctions, see Order at 5

(Mar. 25, 2022), ECF No. 16.  Specifically, as to the plaintiff's motion to remand to the Florida

state court, the Southern District of Florida found that the plaintiff "engaged in bad faith and

gamesmanship for the purpose of avoiding federal jurisdiction[,]" id. at 3, when he "previously

filed six very similar actions to the present one, each one seeking in excess of $75,000[,]" id.,

and "filed an almost identical complaint in the Florida state court (which was removed to federal

court), voluntarily dismissed the complaint, and then refiled the present Complaint alleging an

amount-in-controversy just below the jurisdictional threshold[,]" id. at 3–4.

The case was then transferred by the Southern District of Florida to this Court on April 7,

2022.  See Public Docket Sheet, ECF No. 17.  On April 21, 2022, the plaintiff filed his motion

currently pending before the Court, which requests that the Court "find that it lacks subject

matter diversity jurisdiction . . . [and] either (1) remand and transfer this case to the [Fifteenth]

Judicial Circuit [of Florida], or (2) sua sponte dismiss this case, without prejudice, for lack of [ ]

subject matter jurisdiction."  Pl.'s Mot. at 3.  The defendants then filed their motion to

consolidate and dismiss on April 22, 2022, which is also currently pending before the Court.  See

Defs.' Mot. at 1.  This case was initially assigned to another judge of this Court, Judge Amit

Mehta, see Minute ("Min.") Order (Apr. 18, 2022), and was reassigned to the undersigned on

June 10, 2022, <u>see</u> Reassignment of Civil Case at 1, ECF No. 27, in light of the similar cases

filed by the plaintiff that were then pending before this Court.[1]  No subsequent briefing was ever

submitted in response to either of the parties' motions.

## II.   STANDARD OF REVIEW

"Federal [district] courts are courts of limited jurisdiction[,]" <u>Kokkonen v. Guardian Life</u>

<u>Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994), and therefore, "[a] motion for dismissal under [Rule]

12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction[,]'" <u>Morrow v. United</u>

<u>States</u>, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting <u>Haase v. Sessions</u>, 835 F.2d

902, 906 (D.C. Cir. 1987)).  Thus, the Court is obligated to dismiss a claim if it "lack[s] [ ]

subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1).  And, because "[i]t is to be presumed that

a cause lies outside [ ] [the Court's] limited jurisdiction," <u>Kokkonen</u>, 511 U.S. at 377, the

plaintiff bears the burden of establishing by a preponderance of the evidence that a district court

has subject matter jurisdiction, <u>see</u> <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992).

In deciding a motion to dismiss based upon lack of subject matter jurisdiction, the Court

"need not limit itself to the allegations of the complaint."  <u>Grand Lodge of the Fraternal Order of</u>

<u>Police v. Ashcroft</u>, 185 F. Supp. 2d 9, 14 (D.D.C. 2001) (citation omitted).  Rather, the "[C]ourt

may consider such materials outside the pleadings as it deems appropriate to resolve the question

[of] whether it has jurisdiction to hear the case."  <u>Scolaro v. D.C. Bd. of Elections & Ethics</u>, 104

F. Supp. 2d 18, 22 (D.D.C. 2000) (citation omitted); <u>see also</u> <u>Jerome Stevens Pharms., Inc. v.</u>

<u>Food & Drug Admin.</u>, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Additionally, the Court must

"assume the truth of all material factual allegations in the complaint and 'construe the complaint

---

[1] On August 29, 2022, the Court granted the defendants' motion to dismiss the three consolidated cases pursuant to Federal Rule of Civil Procedure 12(b)(1).  <u>See</u> <u>Klayman</u>, 2022 WL 3715775, at *14.

liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts

alleged[.]'" Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp., 642 F.3d 1137, 1139 (D.C. Cir. 2011)

(quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, "the [p]laintiff's

factual allegations in the complaint . . . will bear closer scrutiny in resolving a [Rule] 12(b)(1)

motion than in resolving a [Rule] 12(b)(6) motion for failure to state a claim."  Grand Lodge,

185 F. Supp. 2d at 13–14 (alterations in original) (citation and internal quotation marks

omitted).[2]

## III.    ANALYSIS

The Court will proceed by first addressing the defendants' motion to consolidate and to

dismiss, before addressing the plaintiff's motion to transfer, remand, or dismiss.  Because the

factual basis for the allegations in this case is substantially similar to that of the three

consolidated cases brought by this plaintiff that were previously before the Court, compare

Compl. ¶¶ 7–53 (alleging facts regarding the defendants' actions in relation to D.C. Bar

disciplinary proceedings brought against the plaintiff), with Complaint ¶¶ 9–36, Klayman v.

Porter, Civil Action No. 20-3109 ("Porter I Compl.") (same); Complaint ¶¶ 8–35, Klayman v.

Porter, Civil Action No. 20-3579 ("Porter II Compl.") (same); Complaint ¶¶ 12–44, Klayman v.

Kaiser, Civil Action No. 21-965 ("Kaiser Compl.") (same), the Court will apply in this case

much of the analysis it used to resolve the motion to dismiss in those other cases, see Klayman,

2022 WL 3715775, at *9–13.  Accordingly, for the following reasons, the Court concludes that it

---

[2] The Court also notes that, although the plaintiff is proceeding pro se, as an attorney he "is not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the [C]ourt."  Richards v. Duke Univ., 480 F. Supp. 2d 222, 234 (D.D.C. 2007).  Therefore, the Court "will not give [him] all the benefits of the liberal standards that are afforded to pro se litigants and [the] plaintiff's pro se status will not weigh in favor of denying the defendants' motion to dismiss."  Id. at 235; see also Klayman v. Zuckerberg, 910 F. Supp. 2d 314, 317 (D.D.C. 2012) (declining to afford plaintiff Larry Klayman special consideration as a pro se plaintiff, because he is an attorney).

must grant in part and deny in part the defendants' motion and deny as moot the plaintiff's

motion.

## A.      The Defendants' Motion to Consolidate and Motion to Dismiss

On April 22, 2022, the defendants filed their joint motion to consolidate and motion to

dismiss, arguing that: (1) "[the d]efendants here are absolutely immune from [the p]laintiff's

claims under both D.C. Bar Rule XI, § 19(a) and judicial immunity principles[,]" Defs.' Mot. at

15; and (2) "[t]o the extent [that the p]laintiff seeks to enjoin any of [the d]efendants' actions

with regard to [the p]laintiff's disciplinary proceedings, . . . the request should be dismissed

based on [the] doctrine of abstention recognized in <u>Younger v. Harris</u>, 401 U.S. 37 (1971)," <u>id.</u>[3]

The plaintiff has not responded to the defendants' motion.[4]  The Court will address each of the

defendants' arguments—their entitlement to absolute immunity and the applicability of <u>Younger</u>

abstention—in turn.[5]

---

[3] The defendants also argue that (1) "[the p]laintiff should be precluded from disputing that [the d]efendants have judicial immunity from his claims for damages, or that his claims for unspecified injunctive relief are precluded by <u>Younger</u> abstention[,]" Defs.' Mot. at 18; (2) "in light of the legal questions at issue and the relevant state interests at stake, District of Columbia law applies and there is no conflict of laws question in this case[,]" <u>id.</u> at 19; and (3) "[e]ven assuming that this case does not warrant dismissal based on <u>Younger</u> abstention and absolute immunity, [the p]laintiff fails to state a cognizable cause of action against any [d]efendant[,]" <u>id.</u> at 18.  Because the Court ultimately concludes that absolute immunity and the <u>Younger</u> abstention doctrine preclude the Court from exercising subject-matter jurisdiction, the Court need not reach the defendants' other arguments based on either Rule 12(b)(1), <u>see</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."), or Rule 12(b)(6), <u>see</u> <u>Sledge v. United States</u>, 723 F. Supp. 2d 87, 91 (D.D.C. 2010) ("Once a court 'determines that it lacks subject matter jurisdiction, it can proceed no further.'" (quoting <u>Simpkins v. D.C. Gov't</u>, 108 F.3d 366, 371 (D.C. Cir. 1997))); <u>see also</u> <u>Green v. Stuyvesant</u>, 505 F. Supp. 2d 176, 177 n.2 (D.D.C. 2007) (Walton, J.) ("[D]ue to the resolution of the defendants' Rule 12(b)(1) request, the Court does not need to address [ ] alternative grounds for dismissal at this time.").

[4] The plaintiff also argues in his motion currently pending before the Court that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), but on different grounds than those asserted by the defendants. <u>See generally</u> Pl.'s Mot.

[5] The defendants also argued that this case should be consolidated with the other factually similar cases which were pending before the Court when the defendants filed this motion, <u>Klayman v. Porter</u>, Civil Action No. 20-3109; <u>Klayman v. Porter</u>, Civil Action No. 20-3579; and <u>Klayman v. Kaiser</u>, Civil Action No. 21-965.  <u>See</u> Defs.' Mot. at 10–12.  However, the Court previously dismissed those cases.  <u>See</u> <u>Klayman</u>, 2022 WL 3715775, at *14.  Accordingly, the Court will deny as moot this component of the defendants' motion.

1.  **Whether the Defendants are Entitled to Absolute Immunity**

The defendants first argue that, "[a]s members of the [ODC] and [the Board], [they are]

entitled to absolute immunity from [the p]laintiff's [damages] claims."  Defs.' Mot. at 12.  In

support of this argument, the defendants cite the opinions in Klayman v. Fox ("Klayman I"), No.

18-cv-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019), aff'd, 830 F. App'x 660 (D.C.

Cir. 2020); Klayman v. Lim ("Klayman II"), No. 18-cv-2209 (RDM), 2019 WL 2396539

(D.D.C. June 5, 2019), aff'd, 830 F. App'x 660 (D.C. Cir. 2020); and Klayman v. Porter

("Klayman III"), No. 2020 CA 000756 B (D.C. Super. Ct. Oct. 1, 2020), which found that "D.C.

Bar Rule XI, § 19(a) expressly confers absolute immunity from suit on the Disciplinary Counsel

and members of that office for actions taken in the course of their official duties."  Defs.' Mot. at

13; see Klayman I, 2019 WL 2396538, at *11 n.3; Klayman III, No. 2020 CA 000756 B.

Furthermore, the defendants argue that "the [C]omplaint alleges no facts supporting [the

p]laintiff's assertion that [the defendants] acted outside the scope of their duties."  Defs.' Mot. at

14.

The relevant D.C. Bar Rule states:

> Complaints submitted to the Board or [the ODC] shall be
> absolutely privileged, and no claim or action predicated thereon
> may be instituted or maintained. Members of the Board, its
> employees, members of Hearing Committees, Disciplinary
> Counsel, and all assistants and employees of Disciplinary Counsel,
> all persons engaged in counseling, evaluating or monitoring other
> attorneys pursuant to a Board or Court order or a diversion
> agreement, and all assistants or employees of persons engaged in
> such counseling, evaluating or monitoring shall be immune from
> disciplinary complaint under this rule and from civil suit for any
> conduct in the course of their official duties.

D.C. Bar Rule XI, § 19(a).  Furthermore, members of the ODC and the Board
"perform[] 'quasi-judicial functions[,]'"  Klayman I, 2019 WL 2396538, at *11
(citation omitted), and "the D.C. Circuit [has] held . . . that D.C. Bar disciplinary
proceedings are judicial proceedings and that officials who participate in those

> proceedings are engaged in judicial acts that are entitled to absolute immunity[,]"
> id. (citing Simons v. Bellinger, 643 F.2d 774, 779–82 (D.C. Cir. 1980)).  See
> Rodriguez v. Shulman, 844 F. Supp. 2d 1, 12 (D.D.C. 2012) (finding that judicial
> immunity applied to "the [d]efendants who served on the Virginia State Bar
> Disciplinary Board and the D.C. Committee on Admissions").  Thus, D.C. Bar
> Rule XI and D.C. Circuit precedent confer absolute immunity on the defendants
> as "officials who act in a quasi-judicial capacity[,]" Rodriguez, 844 F. Supp. 2d at
> 12.  See Simons, 643 F.2d at 778–79 (applying absolute immunity to Bar
> Committee members acting in their official capacities).

Klayman, 2022 WL 3715775, at *10.

Here, the basis for the plaintiff's claims consists of actions taken by the defendants in their capacities as members of the ODC and the Board, namely, initiating, facilitating, and notifying the plaintiff of disciplinary proceedings against him, see Compl. ¶ 9 (stating that "[the d]efendants' continuing course of conduct and goal is to continue to pile on meritless investigation and complaint after meritless investigation and complaint"); see also, e.g., id. ¶¶ 12–13, 16–18, 25–27, 30–48, which the plaintiff alleges have "severely financially harm[ed] [him] in Florida by diverting huge time and resources that can be used to represent[] clients and seek[] new clients," id. ¶ 18.  Thus, the plaintiff's allegations concern actions which fall squarely within the defendants' official duties to "investigate[,]" D.C. Bar Rule XI, § 6(a)(2), and "dispose of [ ] matters involving alleged misconduct by an attorney[,]" id. § 6(a)(3), and to "prosecute [ ] disciplinary proceedings[,]" id. § 6(a)(4).

Furthermore, to the extent that the plaintiff alleges the defendants' "attempt[s] to subject [him] to attorney discipline in Florida by sending out secret ex parte communications to [t]he Florida Bar," Compl. ¶ 23, as part of the factual basis for his claims, these too are actions that fall within the defendants' official duties as Bar officials.

> [T]he D.C. Bar Rules permit disciplinary counsel to "disclose information
> pertaining to proceedings resulting in informal admonitions to any court, [or] to
> any other judicial tribunal or disciplinary agency," D.C. Bar Rule XI, § 17(c).
> Accordingly, if the D.C. Bar Rules explicitly permit the disclosure of informal

admonitions, then it stands to reason that the ODC would be permitted to disclose [more formal Bar discipline taken against the plaintiff].

Klayman, 2022 WL 3715775, at *11.  Moreover, the type of notice that was sent to other jurisdictions and about which the plaintiff complains is contemplated by the American Bar Association ("ABA") Model Rules for Lawyer Disciplinary Enforcement.  See ABA Model Rule for Lawyer Disciplinary Enforcement, Rule 22 Commentary ("If a lawyer suspended or disbarred in one jurisdiction is also admitted in another jurisdiction[,] . . . [d]isciplinary counsel in the forum jurisdiction should be notified by disciplinary counsel of the jurisdiction where the original discipline or disability inactive status was imposed.").  Thus, "providing notice to other jurisdictions regarding relevant disciplinary action is the type of activity that is 'plainly within the general matters . . . committed to [the defendants'] discretion[,]'" Klayman, 2022 WL 3715775, at *11 (quoting Klayman II, 830 F. App'x at 662) (alterations in original).

Accordingly, based on D.C. Bar Rule XI, § 19(a), and the defendants' status as quasi-judicial officers, the Court concludes that the defendants are entitled to absolute immunity from the plaintiff's damages claims.

## 2.  Whether Younger v. Harris Abstention Applies

Having concluded that the defendants are entitled to absolute immunity from the plaintiff's damages claims, see supra Section III.A.1, the Court will next consider whether the Court must abstain from considering the plaintiff's claims for injunctive relief.  The defendants argue that, "[t]o the extent [that the p]laintiff seeks to enjoin any of [the d]efendants' actions with regard to [the p]laintiff's disciplinary proceedings, . . . the request should be dismissed based on [the] doctrine of abstention recognized in Younger[.]"  Defs.' Mot. at 15.

In Younger, the Supreme Court held that a federal court may not enforce a state criminal statute when enforcement proceedings are pending in state court.  See 401 U.S. [37,] 54 [(1971)].  This doctrine was later extended to include state civil

11

proceedings where the proceedings "constitute an ongoing state judicial proceeding; . . . implicate important state interests; and . . . [provide] adequate opportunity . . . to raise constitutional challenges." Middlesex Cty. Ethics Comm.[ v. Garden State Bar Ass'n], 457 U.S. [423,] 432 [1982)]. Furthermore, "disciplinary proceedings, beginning with the filings of a complaint with the local [e]thics [c]ommittee, [are] judicial in nature. As such, the proceedings are of a character to warrant federal-court deference." Id. at 424 (internal quotation marks omitted). Therefore, when presented with a claim involving state bar disciplinary proceedings, "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Id. at 435.

Klayman, 2022 WL 3715775, at *12 (third, sixth, seventh, and eighth alterations in original).

"The plaintiff currently has at least four disciplinary proceedings pending in the District of Columbia." Id. Furthermore, the plaintiff's claims of tortious interference, abuse of process, and Florida state constitutional violations "stem from what the plaintiff alleges are the defendants' political persecution of him in both [ ] closed and pending disciplinary actions[,]" id. (emphasis added). Specifically, the plaintiff argues that "[a]s part of their pattern and practice of and continuing course of conduct and scheme to severely and irreparably harm and damage [him] by attempting to remove him from the practice of law," Compl. ¶ 12, which he claims is motivated by the defendants' "abhor[rence,]" id. ¶ 13, of "his conservative/libertarian private and public advocacy[,]" id., the defendants have "harass[ed] . . . [and] financially harm[ed] [him] . . . by a never ending series of [B]ar proceedings that lack merit," id. ¶ 12, and "pursu[ed] frivolous and baseless [Bar] complaints against [him,]" id. ¶ 25. Thus, the case currently pending before the Court concerns allegations that stem from the disciplinary proceedings against the plaintiff, which require abstention by this Court pursuant to Younger. See Middlesex Cty. Ethics Comm., 457 U.S. at 424 ("[D]isciplinary proceedings . . . are of a character to warrant federal-court deference.") (internal quotation marks omitted).

Furthermore, the plaintiff has not made a sufficient showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[.]"  <u>Id.</u> at 435.

> In affirming Judge[] Moss's dismissal of the plaintiff's claims in <u>Klayman I</u> and <u>Klayman II</u>, the D.C. Circuit found that "[t]he facts [that the plaintiff] alleged— that he and the ODC defendants had diametrically opposed political affiliations, that he had several heated exchanges with some of the defendants . . . —do not amount to 'extraordinary circumstances' justifying federal intervention." <u>Klayman</u>, 830 F. App'x at 663 (citation omitted).  This, the D.C. Circuit reasoned, is because the plaintiff "ha[d] made no 'substantial,' nonconclusory allegations [of bad faith.]"  <u>Id.</u> (citation omitted).

<u>Klayman</u>, 2022 WL 3715775, at *12.  Here, the plaintiff's underlying allegations are nearly identical in substance to those in <u>Klayman I</u> and <u>Klayman II</u>, in that the plaintiff "presents only conclusory assertions, unsupported by facts, of political motivation, that are comparable to the assertions [that] Judge Moss and the D.C. Circuit rejected as insufficient[.]"  Defs.' Mot. at 16 (comparing the complaints in <u>Klayman I</u> and <u>Klayman II</u> with the Complaint in this case).  Thus, as to whether the defendants acted in bad faith or whether extraordinary circumstances exist, making abstention inappropriate, the only allegations that could arguably qualify from what is alleged in the plaintiff's complaint are nothing other than bald assertions concerning the defendants' purported political motivations—allegations that have already been deemed insufficient in a basically identical context by the D.C. Circuit.  <u>Compare, e.g.</u>, Compl. ¶ 8 (stating that the defendants "have engaged in the equivalent of a partisan[,] politically and ideologically based agenda and in effect a crusade to have [the plaintiff] removed from the practice of law"); and <u>id.</u> ¶ 13 ("It is apparent that [the d]efendants' attempts to remove [the plaintiff] from the practice of law stem from his conservative/libertarian private and public advocacy as the founder of both Judicial Watch and now Freedom Watch, which they abhor."), <u>with</u> <u>Klayman I</u>, 2019 WL 2396538, at *4 ("[The plaintiff] avers, for instance, . . . 'that [the d]efendants' goal is to prevent [the plaintiff] from being able to practice law because they do not

agree with his political and other beliefs' . . . [and] 'apparently see him as anti-woman[.]'")
(quoting Am. Compl. ¶¶ 43–44, Civil Action No. 18-cv-1579); and Klayman II, 2019 WL
2396539, at *3 (rejecting "[the p]laintiff's allegations of bad faith" because they "ultimately
turn[ed] on the notion that a prosecutor or someone performing a similar function, who has made
a political contribution, is invariably a partisan actor incapable of putting his or her personal
views aside when charged with the fair administration of justice").

      Thus, the allegations asserted in this case are "far from sufficient to permit a 'plausible'
inference of the type of ubiquitous tribalism that [any potential] claim of bad faith [would]
posit[,]" Klayman II, 2019 WL 2396539, at *3 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009)), and "do not amount to 'extraordinary circumstances' justifying federal intervention[,]"
Klayman, 830 F. App'x at 663.  Therefore, consistent with the D.C. Circuit's prior ruling, see id.,
the plaintiff has made no showing of bad faith, harassment, or other extraordinary circumstances
sufficient to render abstention inappropriate in this case.  Accordingly, the Court concludes that,
pursuant to Younger, it must abstain from adjudicating the plaintiff's claims for injunctive relief.
See Middlesex Cty. Ethics Comm., 457 U.S. at 424 ("[D]isciplinary proceedings, beginning with
the filing of a complaint with the local [e]thics [c]ommittee, . . . are of a character to warrant
federal-court deference.").  Because the defendants are entitled to absolute immunity regarding
the plaintiff's claims for damages and the Court must abstain from ruling on the plaintiff's
claims for injunctive relief in this case, the Court must grant the defendants' motion to dismiss to
the extent that it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

**B.**    **The Plaintiff's Motion for Transfer or Remand, or to Dismiss**

      Having resolved the defendants' motion to consolidate and to dismiss, see supra Section
III.A, the Court now turns to the plaintiff's motion for transfer or remand, or to dismiss.  The

plaintiff "requests that the Court either (1) remand and transfer this case to the [Fifteenth] Judicial Circuit [of Florida], or (2) sua sponte dismiss this case, without prejudice, for lack of [ ] subject matter jurisdiction."  Pl.'s Mot. at 3.  In support of his motion, the plaintiff argues that, given that this case involves only state claims and was removed to federal court based upon diversity jurisdiction, see Compl. ¶¶ 54–74; Notice of Removal ¶ 11, "th[e] Court lacks jurisdiction over the present action under 28 U[.]S.C. § 1332 because [the plaintiff] has affirmatively and unequivocally pled and stated the amount in controversy is below $75,000[,]" Pl.'s Mot. at 1.  Thus, the plaintiff moves for transfer and remand, or dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(1).

However, the Court having concluded that absolute immunity and the Younger abstention doctrine preclude the Court from exercising subject-matter jurisdiction, see supra Section III.A, it need not consider alternative jurisdictional arguments based upon Rule 12(b)(1), see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."); Passut v. Cardona, 540 F. Supp. 3d 27, 35 n.6 (D.D.C. 2021) (Walton, J.) (concluding that, because the Court lacked subject matter jurisdiction based on one of the defendants' Rule 12(b)(1) arguments, the Court "need not address the defendants' other [Rule 12(b)(1)] argument[]"). Accordingly, because the Court has already concluded that it is precluded from exercising subject matter jurisdiction pursuant to the doctrines of absolute immunity and Younger abstention, it will deny as moot the plaintiff's motion to transfer and remand, or to dismiss, pursuant to Rule 12(b)(1).

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that it must grant in part and deny in part the defendants' motion, and deny as moot the plaintiff's motion.

**SO ORDERED** this 14th day of March, 2023.[6]

REGGIE B. WALTON
United States District Judge

---

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.